UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

SALVATORE J. MARCERA, JR.,

          Defendant.

REPORT & RECOMMENDATION
and DECISION & ORDER

11-CR-6065L

---

## PRELIMINARY STATEMENT

By Order of Hon. David G. Larimer, United States District Judge, dated May 16, 2011, all pretrial matters in the above-captioned case were referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 4). Defendant Salvatore J. Marcera, Jr. ("Marcera") has been charged with four counts of filing false income tax returns, in violation of 26 U.S.C. § 7206(1), one count of conspiracy to possess with intent to distribute and to distribute oxycodone, in violation of 21 U.S.C. § 846, and one count of health care fraud, in violation of 18 U.S.C. § 1347. (Docket # 2).

Currently pending before the Court are various pretrial motions filed by Marcera. (Docket # 12). Oral argument was conducted on the motions on September 5, 2012. (Docket # 23). At the Court's direction during argument, the government provided additional information to the defense by letter dated September 14, 2012. Although the Court afforded the defendant an opportunity to respond in writing to that post-hearing letter, no such submission has been filed. (*See* Docket # 24).

**DISCUSSION**

**I. Bill of Particulars**

I turn first to Marcera's motion for a bill of particulars. The expansive particularization that Marcera seeks with respect to all counts of the indictment is described in thirteen pages of his memorandum of law. (Docket # 12 at 5-18). The government opposes the motion on the grounds that Marcera has sufficient knowledge and understanding of the charges, as well as access to substantial voluntary discovery, to make his request unnecessary. (Docket # 21 at 2-6). I agree.

The purpose of a bill of particulars is to enable the defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (*per curiam*). A bill of particulars is not to be used as a discovery device to obtain "evidentiary detail" about the government's case. *See, e.g., United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (citation omitted), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010). In other words, a bill of particulars should be granted where the information sought is "necessary" to prepare a defense and to avoid double jeopardy, not where it is merely "useful" to the defense in ascertaining the government's proof. *See United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994); *see also United States v. Love*, 859 F. Supp. 725, 738 (S.D.N.Y.), *aff'd sub nom. United States v. Roberts*, 41 F.3d 1501 (2d Cir. 1994). Where the charge against the defendant is broad in scope, a bill of particulars may be more appropriate than where the charged conduct is more narrow. *See, e.g., United*

*States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998) ("a bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge"); *United States v. Davidoff*, 845 F.2d 1151, 1154-55 (2d Cir. 1988) (district court abused discretion in denying a bill of particulars identifying victims in seven-year racketeering conspiracy; court noted that principles governing bills of particulars "must be applied with some care when the [g]overnment charges criminal offenses under statutes as broad as RICO").

To warrant a bill of particulars, the indictment's charges against a defendant must be so general that they fail to advise him of the specific acts of which he is accused. *See United States v. Torres*, 901 F.2d at 234; *United States v. Henry*, 861 F. Supp. at 1198. In determining that question, the court may consider whether the information sought by the defendant has been made available through other means, such as discovery or prior court proceedings. *See United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984); *United States v. Kelly*, 91 F. Supp. 2d 580, 583-84 (S.D.N.Y. 2000); *United States v. Ahmad*, 992 F. Supp. 682, 684 (S.D.N.Y. 1998); *United States v. Feola*, 651 F. Supp. 1068, 1133 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.), *cert. denied*, 493 U.S. 834 (1989).

In this case, Marcera has been provided with the indictment, an earlier 31-page complaint charging him with health care fraud and conspiracy to possess with intent to distribute and to distribute oxycodone,[1] and substantial voluntary discovery relating to the charges in the indictment, which the government asserts adequately advise him of the charges against him and

---

[1] The complaint was dismissed pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure on August 24, 2009.

the nature of the government's case. (Docket # 21 at 6). In addition, the government responded to several inquiries made by the defense at oral argument.[2] Since oral argument, the government has provided and this Court has reviewed copies of its discovery letters to the defense. (*See* Letter from AUSA Sherman, dated September 14, 2012). The volume of material disclosed is significant.

In addition to the records, the government has also provided to the defense charts that evidently provide information assembled from the underlying records. For example, one chart provides a chronological listing from January 2003 to February 2007 (the period covered in the indictment) of 275 prescriptions written by Richard C. Dobson, M.D., to the defendant for oxycodone or oxycontin.[3] At oral argument, the government represented that its proof would likely be limited to prescriptions written by Dobson. For each prescription, the chart lists: the "incurred date," the claim identification number, the strength of the drug, the quantity of pills, the prescription number, the dispensing pharmacy, the amount paid by Excellus for the prescription, the date such payment was made and the amount of the co-payment. By letter dated September 14, 2012, the government represented that it would prepare and provide a similar chart for prescriptions submitted to Preferred Care. (*Id.*). If the government has not already done so, it should do so by no later than January 4, 2013. That letter should also identify any prescriptions written by health care providers other than Dobson that it intends to rely on in its direct case and indicate whether Excellus and Preferred Care are the only alleged victims of the charged

---

[2] For example, the government confirmed its position that none of the income at issue in the tax counts was allegedly derived from drug distribution.

[3] The government also provided charts relating to the tax counts that provide some of the information sought by Marcera in his broad request. Much of defense counsel's focus at argument on the bill of particulars motion was on the information provided in the charts.

fraudulent scheme. If it does not, the defense may renew its motion for a bill of particular seeking such information.

On this record, and with the understanding that the Preferred Care chart has or will be provided to the defense, I find that Marcera has sufficient information to prepare his defense and to avoid unfair surprise at trial, as well as to interpose a claim of double jeopardy, if necessary. *See United States v. Bortnovsky*, 820 F.2d at 574. Accordingly, Marcera's motion for a bill of particulars is denied without prejudice.

## II. Discovery and Inspection

Marcera's motion seeks production of fourteen broad categories of information and documents, some of which the government is required to disclose pursuant to Rule 16 of the Federal Rules of Criminal Procedure and some of which falls outside the scope of the required Rule 16 disclosures.[4] (Docket # 12 at 19-23). This Court's Order dated May 17, 2011 required the government to comply with its Rule 16 obligations, and counsel for the government has represented that it has done so. (Docket ## 8; 21 at 7-8). Insofar as Marcera requests an opportunity to inspect the following records (1) his IRS Form 1040s for the years 2004 through 2007; (2) prescriptions for pain medications that the government contends were used to commit health care fraud as alleged in Count 6; (3) receipts for such prescription medications; and, (4) records reflecting or relating to payment by private health insurance to pharmacies for such prescription medication, the government is directed to confer with counsel for Marcera to make

---

[4] Examples of requested disclosures outside the scope of Rule 16 include: co-conspirator statements, copies of investigative rough notes, copies of cooperation agreements and "copies of any and all rules, guidelines and regulations impacting a procedure employed in defendant Marcera's case." (Docket # 12 at 19-23).

arrangements to permit the inspection of any and all of the above-identified records that are within the government's possession, custody or control.

Marcera's request that the Court order the government to provide discovery of information and records outside the parameters of Rule 16 is denied. *See*, *e.g.*, *In re United States*, 834 F.2d 283, 287 (2d Cir. 1987) ("we hold that, as to the district court's order for the production of statements of government witnesses, the Jencks Act controlled, and the district court had no inherent power to modify or amend the provisions of that Act"); *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974) ("Rule 16(a) simply does not encompass [co-conspirator] statements, nor does the Jencks Act permit their disclosure over the objection of the government"); *United States v. Green*, 144 F.R.D. 631, 638 (W.D.N.Y. 1992) ("[i]t is well established that the statements of the co-conspirators are not discoverable under Rule 16(a)").

### III. *Brady* Request

Here, Marcera seeks a court order compelling the government to disclose exculpatory and/or impeachment material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). (Docket # 12 at 24-31). "The basic rule of *Brady* is that the [g]overnment has a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment." *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001). This duty covers exculpatory material, as well as information that could be used to impeach key witnesses "that, if suppressed, would deprive the defendant of a fair trial." *United States v. Nogbou*, 2007 WL 4165683, *2 (S.D.N.Y. 2007) (quoting *United States v. Bagley*, 473 U.S. 667, 675 (1985)). "[A] *Brady* violation occurs only

when the government suppresses evidence that 'could reasonably [have been] taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *United States v. Coppa*, 267 F.3d at 139 (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)).

The burden of determining what information must be disclosed under *Brady* typically lies with the government. *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987); *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994); *United States v. Kahale*, 2010 WL 456860, *5 (E.D.N.Y. 2010) ("it is typically the prosecution itself, and not the court, which bears the 'responsibility to gauge the likely net effect' of all the evidence, because it is the prosecution alone which can fully appreciate what is undisclosed") (quoting *Coppa*, 267 F.3d at 143), *aff'd sub nom.*, *United States v. Graham*, 477 F. App'x 818 (2d Cir.), *cert. denied*, 133 S. Ct. 349 (2012). As a matter of sound case management, however, a court may order *in camera* review of the contested evidence in order to supplement the government's assessment of materiality. *United States v. Leung*, 40 F.3d at 582; *United States v. Kahale*, 2010 WL 456860 at *5; *United States v. Nogbou*, 2007 WL 4165683 at *4.

In this case, an order requiring the government to disclose *Brady* material would be redundant as this Court's prior scheduling order directed the government to comply with its *Brady* obligations. (*See* Docket # 8). In both its responsive papers and oral argument, the government affirmed its understanding of its ongoing *Brady* responsibilities and represented that it was not aware of any factually exculpatory material that it is withholding. (*See* Docket # 21 at 9). The government is in a better position than this Court to assess the potential exculpatory value of undisclosed information, and this Court has no reason to doubt the government's representation in this case.

Impeachment material under *Giglio* must be disclosed by the government in advance of trial, certainly no later than the time of the witness's testimony. *See United States v. Nixon*, 418 U.S. 683, 701 (1974); *United States v. Rodriguez*, 496 F.3d 221, 228 n.6 (2d Cir. 2007) ("[i]t is difficult to generalize about when disclosures should be made-beyond the conventional statement that disclosure must be timed to ensure the sufficiency, under the circumstances, of the defense's opportunity to use the evidence when disclosure is made") (internal quotation omitted). With respect to the request made by defense counsel at oral argument for disclosure of reports of interviews with Marcera's family members who were charged with conspiracy to distribute oxycodone, the government has represented that those individuals are likely to testify at trial and that reports of their interviews thus will be disclosed as *Jencks* material in advance of trial. The court has no authority to require the government to disclose *Jencks* material earlier than the statute requires. *In re United States*, 834 F.2d at 287. Accordingly, Marcera's *Brady* motion is denied without prejudice in the event that the defense becomes aware of specific information or documents that it believes the government is wrongfully withholding under *Brady*.

## IV. **Jencks**

Marcera requests early disclosure of *Jencks* material. (Docket # 12 at 32). Specifically, he seeks disclosure immediately or, alternatively, no later than two months before trial. (*Id.*). The government has confirmed its intention to provide *Jencks* material earlier than the statute requires, *see* 18 U.S.C. § 3500, in order to allow the defense to meaningfully review the material in advance of trial. (Docket # 21 at 10). As previously noted, the Court lacks

8

authority to direct the government to disclose the material any earlier than is statutorily-required. *In re United States*, 834 F.2d at 287. Accordingly, this request is denied without prejudice to renewal if the government does not comply with its statutory obligations.

## V. Requests for In Limine Rulings

Marcera's motions include requests for *in limine* ruling under Rules 404(b), 607, 608, 609 and 801(d)(2)(E) of the Federal Rules of Evidence. (Docket # 12 at 34). Consistent with the practice in this district, the defendant should raise those requests with the district judge at or before the pretrial conference. If any hearings are required, the district judge will determine whether to conduct them or to refer them to this Court for a recommended ruling. Accordingly, Marcera's requests for *in limine* rulings are denied without prejudice to renewal before the district judge.

## VI. Preservation of Rough Notes

Marcera requests an order requiring the government to preserve investigative rough notes. (*Id*. at 36). This request is granted, and the government shall take appropriate measures to ensure that rough notes are preserved.

## VII. Suppression of Statements

Marcera seeks suppression of statements he made to various family members on the grounds that they are protected by the attorney-client privilege. (*Id*. at 37). As clarified during oral argument, the government apparently intends to offer as evidence in its direct case

9

certain telephone communications between Marcera and members of his family that were recorded when those relatives were in jail. The government represented at oral argument that it would identify the communications it seeks to introduce in its Rule 12(b)(4) notice.[5] Counsel for Marcera responded that, upon receipt of the notice, he would file a motion to suppress any communications that he believes are privileged. Of course, the defendant bears the burden of demonstrating a "sufficiently definite, specific, detailed, and nonconjectural" issue of fact warranting an evidentiary hearing. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992); *United States v. Richardson*, 2010 WL 5553995, *1 (W.D.N.Y. 2010) ("[i]n order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing") (collecting cases), *report and recommendation adopted*, 2011 WL 53476 (W.D.N.Y. 2011). An attorney's affidavit made without personal knowledge is insufficient to create an issue of fact requiring an evidentiary hearing. *United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967); *United States v. Ahmad*, 992 F. Supp. at 685.

As agreed at oral argument, Marcera may submit a properly supported motion for suppression in the event that he believes any of the recorded conversations should be suppressed as privileged communications. At this time, however, this Court recommends that Marcera's motion to suppress, which is unaccompanied by an affidavit of a person with knowledge, be denied without prejudice.

---

[5] The government filed its Rule 12(b)(4) notice on September 14, 2012. (Docket # 22).

**VIII. Expert Disclosure**

Marcera moves for an order directing the government to produce a written summary of proposed expert testimony. (Docket # 12 at 38). This Court's May 17, 2011 Order requires the government to do so by no later than forty-five days before trial. (Docket # 8). The defense has offered no reason why the court-ordered deadline should be adjusted. Accordingly, defendant's motion is unnecessary and is denied as moot.

**IX. Severance**

In his motion papers, Marcera requested a severance of the tax counts from the narcotics counts for purposes of trial. (Docket # 12 at 39-41). The government did not oppose the request. (Docket # 21 at 13). At oral argument, however, defense counsel stated that he was uncertain whether severance was desirable as a matter of trial strategy and then requested, and was granted, permission to withdraw his motion for severance without prejudice to renewal before the district judge at or before the pretrial conference. Accordingly, Marcera's motion for severance is denied without prejudice.

**X. Conspiracy Hearing**

Marcera also requests that the Court conduct a pretrial hearing to determine the admissibility of any co-conspirator statements the government seeks to introduce. (Docket # 12 at 42).

Pretrial *James* hearings[6] are not generally utilized in this Circuit. *See*, *e.g.*, *United States v. Yarborough*, 2007 WL 962926, *17 (W.D.N.Y. 2007); *United States v. Lopez*, 1999 WL 34969, *3 (N.D.N.Y. 1999); *United States v. Echeverri*, 1992 WL 302907, *3 (E.D.N.Y. 1992), *aff'd*, 17 F.3d 1426 (2d Cir. 1994); *United States v. Giovanelli*, 747 F. Supp. 875, 879-80 (S.D.N.Y. 1989), *United States v. Feola*, 651 F. Supp. at 1129-30. Rather, the customary practice is to allow the hearsay evidence to be introduced at trial subject to connection. *Feola*, 651 F. Supp. at 1130. Once all of the government's evidence has been introduced, the court will decide whether a defendant's participation in the conspiracy has been proved by a preponderance of the evidence. *United States v. Giovanelli*, 747 F. Supp. at 879; *United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969), *cert. denied*, 397 U.S. 1028 (1970). Defendant has not provided any reason for departing in this case from the established practice in this Circuit. Accordingly, Marcera's motion for a pretrial *James* hearing is denied.

## XI. *In Camera* Inspection of Presentence Reports

The government does not oppose Marcera's request for *in camera* inspection by the district judge of any presentence investigation reports pertaining to any government witnesses. (Docket ## 12 at 43-44; 21 at 15). Accordingly, this request is granted, and the government should disclose those reports to the district judge on a schedule to be set by the judge.

---

[6] *See United States v. James*, 576 F.2d 1121, 1127-32 (5th Cir. 1978), *modified en banc*, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979).

12

## XII. Dismissal of Indictment

Marcera moves to dismiss Counts One through Four (the tax counts) and Count Six (the health care fraud count) of the indictment on various grounds. (Docket # 12 at 45-48). As to the tax counts, Marcera contends that Count One is barred by the six-year statute of limitations and that all four counts are unsupported by sufficient evidence because the tax returns underlying the counts were not "made, subscribed or verified" by Marcera. (*Id*. at 45-46). Neither argument justifies dismissal.

Count One of the pending superseding indictment is identical to Count One of the original indictment and thus relates back for statute of limitations purposes. *See United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003) ("a superseding indictment that supplants a pending timely indictment relates back to the original pleading and inherits its timeliness as long as the later indictment does not materially broaden or substantially amend the original charges"). The original indictment was returned on April 7, 2011, less than six years after April 15, 2005, the filing deadline for the 2004 tax return that is the subject of Count One. Although Count One alleges that the return was actually filed on March 28, 2005, the filing *date* is not the statute of limitations trigger; the filing *deadline* is. *See United States v. Mauser*, 723 F. Supp. 995, 998 (S.D.N.Y. 1989) ("[r]egardless of the date of actual filing, however, the statute of limitations begins to run on the due date, namely, April 15th") (citing 26 U.S.C. § 6513(a)); *see also* 26 U.S.C. § 6513(a) ("any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day"); 26 U.S.C. § 6531 ("[f]or the purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable").

13

Accordingly, I recommend that the district judge deny Marcera's motion to dismiss Count One as barred by the statute of limitations.

Marcera's second challenge to the tax counts is equally unavailing. "[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (internal quotation omitted). Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires only that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Moreover, an indictment that is valid on its face cannot be dismissed on the grounds that it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992); *United States v. Calandra*, 414 U.S. 338, 345 (1974); *United States v. Casamento*, 887 F.2d 1141, 1182 (2d Cir. 1989), *cert. denied*, 493 U.S. 1081 (1990). Rather, the time to advance such a motion is after the government has presented its case at trial. *See*, *e.g.*, Fed. R. Crim. P. 29(a); *United States v. Gambino*, 809 F. Supp. 1061, 1079 (S.D.N.Y. 1992).

Applying the above-cited authority, I find that Counts One through Four are facially sufficient. Marcera's challenge to the sufficiency of the evidence is premature and must await the government's presentation of proof at trial. Accordingly, I recommend that the district court deny Marcera's motion to dismiss Counts One through Four on the grounds of insufficiency.

Finally, Marcera moves to dismiss Count Six on the grounds that the indictment fails to allege an essential element of the health care fraud offense, namely, "that the defendant obtained money or property owned by, or under the custody and control of, any health care

benefit program." (Docket # 12 at 48). Count Six tracks the language of the statute and is thus presumptively valid. I recommend that the district judge deny Marcera's challenge to Count Six.

## XIII. Disclosure of Grand Jury Material

Marcera also moves for disclosure of the grand jury minutes on the grounds that the minutes may disclose evidence of prosecutorial misconduct "or other grounds for dismissal." (Docket # 12 at 51). The government opposes the request. (Docket # 21 at 19-22).

A presumption exists that grand jury proceedings are lawful and regular, *Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974), and disclosure of grand jury proceedings is available only by order of the court under Rule 6(e) of the Federal Rules of Criminal Procedure. A party seeking disclosure bears the burden of establishing a "particularized need" or "compelling necessity" for such disclosure that outweighs the policy of grand jury secrecy. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979); *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). Non-specific allegations of impropriety or mere speculation are insufficient to satisfy this heavy burden. *Leung*, 40 F.3d at 582; *United States v. Shaw*, 2007 WL 4208365, *6 (S.D.N.Y. 2007). Therefore, "[a] review of grand jury minutes should not be permitted without concrete allegations of [g]overnment misconduct." *Leung*, 40 F.3d at 582.

In this case, Marcera has failed to assert any specific factual allegations suggesting misconduct by the government or other irregularities during the grand jury proceedings. I find that Marcera has not satisfied his burden of establishing a particularized need or compelling

15

necessity for the requested disclosures. *See Pittsburgh Plate Glass Co. v. United States*, 360 U.S. at 400. Accordingly, Marcera's request for disclosure of the grand jury minutes is denied.

### XIV. Further Relief

Finally, Marcera requests permission to bring further motions, including any motions arising from the government's filing of its Rule 12(b)(4) notice. (Docket # 12 at 52). Because the 12(b)(4) notice had not been filed at the time Marcera was required to file his motion, he may file any supplemental motions relating to the notice by no later than January 17, 2013. As to other unspecified motions, however, Marcera must seek permission from the Court before filing any supplemental motions.

### CONCLUSION

For the reasons discussed herein, I recommend that the district court deny without prejudice the defendant's motion to suppress statements and deny his motion to dismiss Counts One through Four and Six of the indictment. Marcera's motions for orders directing the government to preserve investigative notes and to produce presentence reports for *in camera* review are granted. Marcera's request for permission to file supplemental motions relating to the

government's Rule 12(b)(4) notice is also granted; any such motions shall be filed by no later than January 17, 2013. All other motions are denied as set forth herein.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       December  14 , 2012

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[7]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
       December  14  , 2012

---

[7] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).